### SAMUEL WEST *vs.* OLD COLONY INSURANCE COMPANY.

A policy of insurance upon goods " contained in the third story of a four-story building," over two specified numbers of a certain street, will cover such goods after their removal into another room subsequently hired and occupied by the insured in the same story of the same building; although the policy provides that it shall be void if the property insured shall be removed without necessity to any other place.

CONTRACT upon a policy of insurance for $600, issued by the defendants, upon certain goods " all contained in the third story of a four-story brick slated building over Nos. 18 and 19 Harvard Place, Boston." The policy contained a provision that it should be void " if the said property should be removed without necessity to any other place."

It was agreed in the superior court that, at the date of the policy, the plaintiff occupied two adjoining rooms in the third story of the building described, and the defendants' agent saw the goods there. These rooms were separated from each other by a brick partition, in which there was a door; and were accessible by a stairway leading to one of them. After the date of the policy the plaintiff hired another room adjoining one of the former rooms, on the same floor, over Nos. 18 and 19 Harvard Place, and moved into the same a portion of the goods insured, and gave up the room to which the stairway already referred to led. After this removal, the two rooms which the plaintiff occupied were approached by another stairway, which led to his new room. A plan was introduced in evidence, showing the relative position of the rooms. The risk was not increased by the change. By the fire, which happened during the term of the policy, goods in the room originally occupied by the plaintiff, to the value of $200, were destroyed, and in the room

into which he removed after the date of the policy, to the value of $600.

Upon these facts, judgment was rendered for the plaintiff for the sum of $645.80; and the defendants appealed to this court.

*W. G. Russell,* for the defendants. Parol evidence of the situation and relation of the parties and of the circumstances under which a written instrument is made may always be introduced to ascertain the subject matter of the contract and to apply to it the words of the instrument; especially where those words are general, as in the present case. 1 Greenl. Ev. §§ 286, 288. The policy does not in express terms cover the plaintiff's goods, wherever they may be in the third story of the designated building; and parol evidence may be resorted to for a further designation of the premises intended. A case in point is *Storer* v. *Elliot Ins. Co.* 45 Maine, 175. See also *Stacey* v. *Franklin Ins. Co.* 2 Watts & S. 506, 546, 547. *Liddle* v. *Market Ins. Co.* 4 Bosw. 179. By its express terms, the policy became void as to the goods removed into the newly occupied room.

*G. A. Somerby,* for the plaintiff, cited *Lewis* v. *Springfield Ins. Co.* 10 Gray, 159; *White* v. *Mutual Ins. Co.* 8 Gray, 571; *Loud* v. *Citizens' Ins. Co.* 2 Gray, 221; *Daniels* v. *Hudson River Ins. Co.* 12 Cush. 416.

CHAPMAN, J. The policy describes the property insured as being "all contained in the third story of a four-story brick slated building over Nos. 18 and 19 Harvard Place, Boston." It is agreed that this description includes three rooms; the third story of the building having been partitioned into three rooms before the date of the policy.

The defendants contend that the insurance covered property contained in only two of the rooms, because their agent saw it at the time when the policy was issued, and it was then contained in the two rooms, and the plaintiff subsequently hired another room, and changed the position of the property; so that at the time of the loss a part of it was contained in the room newly hired. Therefore they say that the property in that room was not covered by the policy, though it remained in the third story and was not so removed as to increase the risk. But

to this it is answered that the words of the policy include all the three rooms, for they include the whole of the third story; that there is no latent ambiguity such as there might be if there were two buildings to which one and the same description might be applied, nor even two stories of the same building; nor one story of a very large block, containing many stores or tenements. But it is comparatively a small building containing two numbers, viz. 18 and 19 in the first story; both of which are designated in the policy, and over both of which the insured property is described as being situated, so that there is a double description of the place where the insured property is situated, viz. " in the third story," and over Nos. 18 and 19 in the first story.

This answer appears to the court to be sufficient. There is no latent ambiguity; nothing indefinite; nothing general; nothing applicable to a large space, or to more than one story of the building, but the language is definite and exact.

Personal property which is insured need not of necessity be in the place described at the date of the policy; but it may be brought in afterwards. Thus when a stock of merchandise is insured in a store, it is changed by selling out existing goods and bringing in new supplies. The same is true to some extent of machinery in a running factory. In this case, if it had been the intent of the plaintiff to make the changes which he actually did make, the present form of this policy would have been appropriate to the circumstances. Therefore the policy must be construed as granting liberty to make such changes.

The case differs from that of *Storer* v. *Elliot Ins. Co.* 45 Maine, 175, there being in that case so much of generality in the description as to leave room for a latent ambiguity; and the insurers and the assured had both treated the stock of goods insured by the defendants as separate from the goods insured by the other companies, and contained in a different story of the building. The decision in that case was in conformity with the intent of the parties which was apparent from the circumstances, the intent being that the defendants should be the exclusive insurers of the goods in the chambers, while other parties were insurers of the stock of other goods that were contained in the lower stories.                    *Judgment for the plaintiff.*